

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK/NEWPORT NEWS DIVISION

High, Patricia

    Plaintiff,    Civil Action No.: 4:13 cv 152

v.

Hawkins, Evelyn Marie    Plaintiff Demands A
              Trial By Jury

    Defendant.

## COMPLAINT

Patricia High, "Plaintiff," by undersigned counsel, hereby files this Complaint against Evelyn Marie Hawkins, "Defendant," requesting damages, and injunctive relief and alleges as follows:

### NATURE OF ACTION

1. This is an action for copyright infringement under the United States Copyright Act to combat the willful and intentional infringement of the Plaintiff's creative works. Defendant, Evelyn Marie Hawkins, knowingly and illegally reproduced, distributed and publicly displayed Plaintiff's copyrighted photographs and, upon information and belief, continues to do the same.

2. Plaintiff seeks a preliminary injunction, permanent injunction, actual damages as well as all applicable statutory damages and attorney fees and the costs of this action based upon Defendant's willful and bad faith infringement of Plaintiff's creative works.

## PARTIES

3. Plaintiff, an individual over the age of 18, is a resident of New Jersey with a residence address of 101 Castaway Road, Manahawkin, NJ 08050.

4. Defendant, is, upon information and belief, an individual over the age of 18 and resident of Virginia and is believed to reside at 1314 23rd Street, Newport News, VA 23607.

5. The copyrighted works at issue are photographs taken by the Plaintiff. The registration is attached hereto as *Exhibit 1* (Copyrighted Works).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 17 U.S.C. §§ 101, *et seq.* (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338 (actions arising under an Act of Congress relating to Copyrights).

7. This Court has personal jurisdiction over the Defendant because the Defendant is a resident of Virginia and pursuant to Va. Code Ann. § 8.01-328.1(A)(1), §8.01-328.1(A)(2), § 8.01-328.1(A)(3) and § 8.01-328.1(A)(4) because Defendant has transacted, solicited and regularly does solicit business, direct advertising and offer for sale her goods and services in the State of Virginia; because the tortious acts being complained of in this action were and are being committed by Defendant in the State of Virginia; and because Defendant's acts have caused the Plaintiff to suffer tortious injuries in the State of Virginia.

8. Further, the Defendant has downloaded, reproduced, published, distributed and publicly displayed the Copyrighted Works within the Commonwealth of Virginia and in the Eastern District of Virginia.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and

28 U.S.C. § 1400(a).

10. Because the amount in controversy exceeds the sum of $50,000.00, exclusive of interests and costs, and this action is between citizens of different states, this court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a)(1).

## FACTS COMMON TO ALL COUNTS

11. Patricia High is an amateur photographer who posts, displays and distributes her photographic works to individuals and entities.

12. Ms. High secured registration of the Copyrighted Works. A copy of the registration for the Copyrighted Works is attached hereto as *Exhibit 1*.

13. Ms. High invested substantial skill and resources in her photography endeavors and the Copyrighted Works are original works of authorship and contain copyrightable subject matter under the Copyright Laws of the United States.

14. Ms. High is and has always been the exclusive owner of all rights title and interest in and to the Copyrighted Works and maintains exclusive rights under the Copyright Act to reproduce, distribute and modify and authorize the reproduction, distribution and modification of the Copyrighted Work.

### Defendant's Infringing Actions

15. Despite the above facts, on or about September 4, 2013, the Defendant, without authorization, license or permission, copied and downloaded the Plaintiff's Copyrighted Works and downloaded, copied, uploaded, reproduced, published and publicly displayed the Copyrighted Works on to YouTube (www.youtube.com). *Exhibit 2.*

16. The Defendant also downloaded, copied, uploaded, reproduced, published and publicly displayed the Plaintiff's Copyrighted Works on the Wordpress website

(www.wordpress.com) without authorization, license or permission. ***Exhibit 3.***

17. The Defendant also downloaded, copied, uploaded, reproduced, published and publicly displayed the Plaintiff's Copyrighted Works on the Dailymotion website (www.dailymotion.com) without authorization, license or permission. ***Exhibit 4.***

18. The Defendant also downloaded, copied, uploaded, reproduced, published and publicly displayed the Plaintiff's Copyrighted Works on the GodTube website (www.godtube.com) without authorization, license or permission. ***Exhibit 5.***

19. The Defendant also downloaded, copied, uploaded, reproduced, published and publicly displayed the Plaintiff's Copyrighted Works on the Vimeo website (www.vimeo.com) without authorization, license or permission. ***Exhibit 6.***

20. The Defendant also downloaded, copied, uploaded, reproduced, published and publicly displayed the Plaintiff's Copyrighted Works on the Myspace website (www.myspace.com) without authorization, license or permission. ***Exhibit 7.***

21. Defendant's use of the Copyrighted Work has been without the permission or authorization of the Plaintiff.

22. Shortly after learning of Defendant's infringements of the Plaintiff's Copyrighted Works, on October 21, 2012, the Plaintiff filed a "notification" with Youtube and requested that the Defendant's infringing material containing the Plaintiff's Copyrighted Works be removed.

23. YouTube complied and removed the infringing material containing the Plaintiff's Copyrighted Works. As is the custom of services providers after they receive a take-down notice and pursuant to the requirements of the 17 U.S.C § 512 (g), Youtube notified the Defendant that the Plaintiff had objected to the Defendant's use of the Plaintiff's Copyrighted

Work in the Defendant's video on that site.

24. On October 25, 2013, the Defendant filed a "Counter Notification" and, as required by 17 U.S.C. § 512 (g)(3), consented to the jurisdiction of the United States Federal District Court and falsely claimed, under penalty of perjury, that the Plaintiff's Copyrighted Works should not have been removed from the Defendant's infringing material on the YouTube web site. ***Exhibit 8.***

25. On October 26, 2013 and October 30, 2013, the Plaintiff filed a "notification" with Wordpress and requested that the Defendant's infringing material containing the Plaintiff's Copyrighted Works be removed.

26. Wordpress complied and removed the infringing material containing the Plaintiff's Copyrighted Works. Wordpress also notified the Defendant that the Plaintiff had objected to the Defendant's use of the Plaintiff's Copyrighted Work in the Defendant's video posted on that site.

27. On November 7, 2013, the Defendant filed a "Counter Notification" and, again, falsely claimed, under penalty of perjury, that the Plaintiff's Copyrighted Works should not have been removed from the Defendant's infringing material on the Wordpress site. ***Exhibit 9.***

28. October 24, 2013, the Plaintiff filed a "notification" with Dailymotion and requested that the Defendant's infringing material containing the Plaintiff's Copyrighted Works be removed.

29. On information and belief, the Defendant was notified by Dailymotion and, notwithstanding that notice, the Defendant has refused to discontinue her infringing and tortious use of the Plaintiff's Copyrighted Works.

30. On November 8, 2013, the Plaintiff, through counsel, filed another "notification"

with Dailymotion and requested that the Defendant's infringing material containing the Plaintiff's Copyrighted Works be removed. *Exhibit 10.*

31. Notwithstanding the letter from the Plaintiff and Plaintiff's counsel and, on information and belief, notification from Dailymotion, the Defendant has refused to discontinue her infringing and tortious use of the Plaintiff's Copyrighted Works on the Dailymotion web site.

32. On October 25, 2013 the Plaintiff filed a "notification" with the Godtube web site and requested that the Defendant's infringing material containing the Plaintiff's Copyrighted Works be removed.

33. Godtube forwarded the Plaintiff's demand that the infringing material containing the Plaintiff's Copyrighted Works be removed to the Defendant.

34. On or about November 7, 2013, the Defendant filed a "Counter Notification" and, again, falsely claimed, under penalty of perjury, that the Plaintiff's Copyrighted Works should not have been removed from the Defendant's infringing material on the Godtube web site. *Exhibit 11.*

35. The actions by Defendant evince a clear intent to willfully infringe and use the Plaintiff's Copyrighted Works.

36. Defendant's actions are certain to diminish the value of the Plaintiff's Copyrighted Works because the Defendant has used the Copyrighted Works in so many different forums.

37. As a result of Defendant's recalcitrance, the Plaintiff had no other choice but to commence this action.

## COUNT I
## <u>COPYRIGHT INFRINGEMENT</u>
## 17 U.S.C. § 106

38. The Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "37" of the Complaint as if set forth fully herein.

39. The Plaintiff is the sole owner of all right title and interest in and to the Copyrighted Works.

40. Defendant, without the authority, license or permission of the Plaintiff downloaded, copied, reproduced, distributed, publicly displayed and performed the Copyrighted Works in violation of the Plaintiff's exclusive rights to reproduce, distribute and public display the Copyrighted Works pursuant to 17 U.S.C. § 106 (1), (3) and (5).

41. Defendant's conduct infringes upon the Plaintiff's exclusive rights of reproduction, distribution and the right to publicly display works that are protected under the Copyright Act.

42. Defendant knew, had actual or constructive knowledge that her acts constituted infringement of Plaintiff's photographs.

43. Defendant's conduct was willful within the meaning of the Copyright Act. Such acts were committed intentionally with indifference and hostility to the Plaintiff's rights.

44. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

45. Plaintiff seeks injunctive relief pursuant to 17 U.S.C § 502.

46. Plaintiff hereby reserves the right to, pursuant to 17 U.S.C § 504(c), elect to recover statutory damages for each infringement in lieu of seeking recovery of actual damages.

47. Defendant's infringement was intentional and willful, accordingly, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorney's fees and the costs incurred to file the lawsuit.

## COUNT II
## DIGITAL MILLENIUM COPYRIGHT ACT CLAIM
## (17 U.S.C. § 512)

48. Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "47" of the Complaint as if set forth fully herein.

49. The Plaintiff sent a notice to the Youtube, Wordpress and Godtube with her name, address, copies of the Copyrighted Works, a statement that she has a good faith belief that use of the Copyrighted Works in the manner complained of was not authorized by the Copyright owner, its agent or the law; a statement that the information in the notification was accurate; a statement that, under penalty of perjury, that she was authorized to act for the copyright holder and her signature.

50. After the Plaintiff's notifications to Youtube, Wordpress and Godtube were forwarded to the Defendant by those web sites, the Defendant falsely and intentionally "sw[ore], under the penalty of perjury" to Youtube, Wordpress and Godtube - via her "counter-notifications" - that her videos, posted on those sites containing the Copyrighted Works" should not have been removed and the she had a legal right to request Youtube, Wordpress and Godtube to "reinstate" her videos containing the Copyrighted Works."

51. The Defendant made such statements or misrepresentations knowing them to be false with the intent to deceive Youtube, Wordpress and Godtube into believing that she had a legal right to reproduce, distribute and publicly display the Copyrighted Works.

52. As a result of the Defendant's misrepresentations, the Plaintiff was injured

and incurred damages and expenses and had to take additional steps to get Youtube, Wordpress and Godtube to remove the Defendant's infringing material.

53. As a result of the Defendant's infringements and misrepresentations, the Plaintiff is entitled to and seeks damages, including costs and attorneys' fees, pursuant to 17 U.S.C § 512(f).

54. Plaintiff seek injunctive relief pursuant to 17 U.S.C § 512(j).

**WHEREFORE**, the Plaintiff respectfully requests and prays for this Court to enter judgment against Defendant as follows:

(a) Judgment against the Defendant that she has willfully infringed the Plaintiff's rights in the Copyrighted works pursuant to 17 U.S.C § 501 and otherwise injured the Plaintiff by the Defendant's acts as set forth in this Complaint;

(b) an Order preliminarily and permanently enjoining the Defendant, from continued and further use of the Copyrighted Works;

(c) damages, in an amount to be determined at the trial of this action, to compensate Plaintiff for its losses due to Defendant's copyright infringement, specifically, actual damages or statutory damages, pursuant to 17 U.S.C § 504 (c) for Defendant's willful infringement and dilution;

(d) awards of punitive damages and exemplary damages against Defendant;

(e) an award of Plaintiff's costs and reasonable attorneys' fees;

(f) an Order directing Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction; and

(g) such other and further relief as the Court may deem just and equitable under the

circumstances herein.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues so triable.

>THE PLAINTIFF
>Patricia High
>
>By: _____
>Todd A. Pilot, Esquire, VSB 37849
>Pilot Drake & Richardson
>TMInstitute, LLC
>526 King St., Suite 207
>Alexandria, VA  22314
>(703) 299-9500